LEWIS A. BROWN

v.

FREDERICK KRAGEL, use, etc.

VERDICT AGAINST EVIDENCE.—Appellee brought suit against appellant for a balance claimed to be due for work on a house, done under a special contract, and for extra work. Appellant defended on the ground that the work was not well done, whereby damage had ensued to him, and as to the claim for extra work, pleaded the Statute of Limitations. This court finds from a review of the testimony, that the preponderance of evidence showed

Brown v. Kragel.

that the work was so unskillfully done as to result in damage to appellant, which he was entitled to have set-off against appellee's claim, and that the claim for extra work was barred by the statute. The verdict being against the weight of evidence, a new trial should have been granted.

Appeal from the Circuit Court of Cook county; the Hon. John G. Rogers, Judge, presiding.

Mr. J. Henry Truman, for appellant: that where the verdict is against the weight of evidence a new trial should be granted, cited Booth et al. v. Hynes et al. 54 Ill. 363; Reynolds v. Lambert, 69 Ill. 495; Ill. Cent. R. R. Co. v. Chambers, 71 Ill. 519; C. C. & I. C. R. R. Co. v. Troesch, 57 Ill. 155; C. R. I. & P. R. R. Co. v. Herring, 57 Ill. 59; Chicago v. Lavelle, 83 Ill. 482; Carney v. Tully, 74 Ill. 375.

Messrs. Avery & Comstock, for appellee; that when the verdict is supported by a fair construction of the evidence, the court will not disturb it, cited Farr et al. v. Scott, 50 Ill. 490; Am. Ex. Co. v. Bruce, 50 Ill. 201; White v. Clayes, 38 Ill. 325; Umlauf v. Bassett, 38 Ill. 96; C. & R. I. R. R. Co. v. Coal & Iron Co. 36 Ill. 60; Tolman v. Race, 36 Ill. 472; Harbison v. Shook, 41 Ill. 142; First Nat. Bank v. Mansfield, 48 Ill. 494.

The bill of exceptions does not show all the evidence in the cause, and this court cannot pass upon the sufficiency of the evidence without having it all produced: McKee v. Ingalls, 4 Scam. 30; Harmon et al. v. Thornton, 2 Scam. 351; Rogers v. Hall, 3 Scam. 5; McPherson v. Nelson et al. 44 Ill. 124; Prout et al. v. Grant et al. 72 Ill. 456.

Murphy, P. J.   This was an action of assumpsit commenced in the Circuit Court of Cook county by the appellee against the appellant, to recover an alleged balance due him on a contract for doing the carpenter work on a house which was then being constructed in Chicago by the appellant. A trial of the cause resulted in a verdict and judgment against the appellant for the sum of $860.60, to which he excepted, and prayed an appeal to this court. He brings the record here and assigns for error that the verdict is not supported by the evidence, and that the court erred in refusing a new trial.

It appears that on the 27th day of February, 1872, a contract in writing was entered into between the appellant and appellee, whereby the appellee agreed, in consideration of $2,235, to be paid as the work progressed, to complete all carpenter and joiner work on a certain house named, in a workmanlike manner, etc., to be completed by May 1st, 1872. That as the work progressed payments were made until the completion of the job, when, as was alleged, $735 of such price remained unpaid, to recover which this suit was brought. At the trial Kragel, the appellee, testified in general terms that he had performed the contract according to the plans and specifications, except as to some delay in time which he claims was caused by the other contractors on the job; that he did a good job, and did extra work, specifying the same, on said house to the amount of $139. William Meyne and Frederick Saltzman testify as to how the delay in the time of completing the work was caused, but give but little satisfaction as to the real cause, which was substantially all the testimony on the subject of the performance offered by the appellee at the trial.

The appellant relied upon the Statute of Limitations, and insisted that the work done on the house was not well done, nor in any true sense according to the plans and specifications, and that his damage caused thereby exceeded any balance which might appear to be due to the appellee. In support of such defense, the appellant introduced Gustav Bolton, the architect who prepared the plans, who identified the draught present in court as the originals from which he took drawings. The bids, he testifies, were made on both; that he wrote the specifications. The appellant also identifies the plans then in court as the ones by which the work was to be done.

Harall M. Hanson, an architect of twelve years' experience, testifies that he had examined the plans, and also the building as left by the appellee; that by reason of insufficient sleepers, the floors had settled from one and a half to two inches in all the stories; that to screw them up and put them in proper level would cost from $250 to $300; that the portico in front of the house was not properly put in, and that it would cost $15 to correct the defect.

Brown v. Kragel.

He also testifies that it was a bad job, and in addition to all the items specified, the whole work was worth $300 less than it would have been if it had been done in proper and workmanlike manner. This is not all the testimony tending to show that the work was not done according to the contract and that the appellant was damaged thereby; but it is enough to show by the manifest weight of the testimony that the work was not done according to the plans and specifications, and that it was a damage to the appellant to an amount very nearly or quite as large as the claim of the appellee, aside from the claim of $139 for extra work which was barred by the Statute of Limitations at the time this suit was brought. We are unable to see how the jury should have arrived at the verdict it did without substantially ignoring the testimony of the appellant.

It is manifest that the appellee has recovered for the extra work, $139. If that was ever a meritorious claim at any time, then it accrued on the first day of May, 1872, and being an open account, would be barred by the Statute of Limitations in five years from that date. This suit was not commenced until the 9th day of May, 1877. But by a manifest preponderance of the evidence, the appellant was entitled to a material deduction from said claim, even though the jury should find the claim meritorious. This we think he has not had, and that the jury either misapprehended or disregarded the testimony in this respect. The circumstance that this claim was allowed to slumber from the 1st of May, 1872, until the 9th of May, 1877, is a circumstance which, unexplained, should have some weight in determining the question of whether another trial would not promote the ends of justice.

In the light of these views, we think the motion for a new trial should have been sustained, and that it was error to refuse it. For which error the judgment of the court below is reversed and the cause remanded.

Judgment reversed.